UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LATISHA WILLIAMS, ET AL.** | * | CIVIL ACTION |
| | * | |
| **VERSUS** | * | NO. 07-4428 |
| | * | |
| **FIDELITY NATIONAL INSURANCE COMPANY, ET AL.** | * | SECTION "B"(3) |

ORDER AND REASONS

Before the Court is Defendant's Those Certain Underwriters at Lloyd's, London ("Underwriters") Motion to Dismiss for Lack of Standing(Rec. Doc. No. 22). Plaintiffs Latisha and Lawrence Williams("Plaintiffs")filed a Memorandum in Opposition to said motion(Rec. Doc. No. 64). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion to Dismiss for Lack of Standing is **GRANTED**.

*BACKGROUND*

Plaintiffs sustained damage to their property as a result of Hurricane Katrina that struck on August 29, 2005. Plaintiffs filed suit seeking to recover flood and wind damages to their property located at 43 Honeysuckle Lane, Waggaman, Louisiana. In their Complaint, Plaintiffs claim that Underwriters insured the property against flood damage, but failed to properly compensate them for damages. Their claim against Underwriters is based upon a force-

1

placed and/or lender-placed policy that was issued to Homecomings Financial ("Homecomings"), the lender/mortgagee of the property. The insurance policy at issue lists Homecomings as the only insured and fails to list Plaintiffs as named insureds or additional insureds under the policy. Homecomings secured coverage because Plaintiffs did not get flood insurance for the property. Plaintiffs now seek to recover compensation from Underwriters under said insurance policy, for damages sustained to their property. As a result, Underwriters filed the instant Motion to Dismiss for Lack of Standing.

Underwriters argue that Plaintiffs lack standing to sue because they are not listed as named insureds, additional insureds, or third-party beneficiaries under the policy. Instead, the insurance policy lists Homecomings as the only insured. Therefore, Underwriters claim that there is no legal relationship between Plaintiffs and Underwriters by which Plaintiff may assert a cause of action against it and Plaintiffs lack standing to pursue this litigation.

Plaintiffs admit that they are not named insureds or additional insureds in the policy, but argue that they have standing to pursue this litigation because the language of the insurance policy lists them as third-party beneficiaries of the policy. The policy states in pertinent part:

A. Insurable Interest and Limit of Liability

> This **policy** provides indirect coverage to **owner's insurable interest** in the insured property which has been pledged as security for a loan you have made to the owner. Regardless of the insurable interests of the owner or any other persons in the insured property, you are our sole insured under this policy...

*See* Pl's Exhibit 1, pg. 8. Plaintiffs claim that the above policy language indicates that the insurance contract would afford coverage to the owner's insurable interest in the property, which would result in a stipulation *pour autrui* or a third-party beneficiary stipulation.

### *DISCUSSION*

**A.    Standard for Dismissal for Lack of Standing**

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of standing. The standard of review of a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss under Rule 12(b)(6). *Harrison v. Safeco Ins. Co. of Am.*, 2007 WL 1244268 at *3 (E.D. La. Jan. 26, 2007). The party asserting jurisdiction has the burden of proving that jurisdiction exists. *Krim v. PC Order Dot Com, Inc.*, 402 F.3d 489, 493 (5th Cir. 2005). Once a defendant brings a motion to dismiss for lack of standing, the burden is upon the plaintiffs to prove that they have standing*. Steel Co. v. Citizens for a Better Environment*, 523 U.S.

83, 103 (1998). To establish standing, the plaintiff must prove the following elements: (1) the plaintiff must have suffered an injury in fact; (2) there must be a casual connection between the injury and the conduct complained of and (3) it must be likely that the injury will be redressed by a favorable decision. *Lujan v. Defendants of Wildlife*, 504 U.S. 555, 560-61 (1992). Standing determines the court's 'fundamental power even to hear the suit.' *Grante ex rel. Family Eldercare v. Gilbert*, 324 F.3d 383, 386 (5th Cir. 2002) *quoting Ford v. Nyclare Health Plans, Inc.*, 301 F.3d 329, 333 (5th Cir. 2002).

**B. Standing**

Underwriters argue that in Louisiana, a borrower has no standing to bring a claim against an insurer under a "force-placed" policy issued to the mortgagee, such as the policy issued in the case at bar. In support of this contention, Underwriters cite a litany of cases that found that borrowers lack standing to pursue claims against insurers under a "force-placed" policy issued to the mortgagee. *See Harrison v. Safeco Ins. Co. of America*, 2007 WL 1244268 (E.D. La. 2007)(*finding that where property was only insured because plaintiffs' mortgage holders obtained coverage when plaintiffs failed to do so, plaintiffs had no standing to pursue Katrina claims under the force-placed policies and were not third-party beneficiaries to the policies because no relationship existed*

4

*between plaintiffs and the defendant insurers); In re Estate of Saunders, 2007 2127574 (E.D. La. 2007)(ruling that plaintiffs lacked standing to pursue claims against insurer where they were neither named insureds nor additional named insureds under the policies at issue and further rejecting plaintiffs' argument that they were third-party beneficiaries under the force-placed policies that merely made reference to "mortgagor."). See also, Jones v. Proctor Financial Ins. Corp., 2007 WL 4206863 (E.D. La. 2007) (holding that plaintiff/borrower lacked standing to sue even where he had paid premiums on the policy because there existed no legal relationship between the insurer and plaintiff/borrower) and Graphia v. Balboa Ins. Co. 517 F.Supp.2d 854 (E.D. La. 2007) (finding that plaintiff had no standing to sue for hurricane damages under a force-placed policy issued to the mortgagee even where plaintiff had paid premiums and where plaintiff was listed as an additional insured with respect to any residual amounts of insurance over and above the mortgagee's insurable interest).*

Plaintiffs concede to the interpretation of the above case law, but simply argues that they are inapplicable to the case at bar which is distinguishable. Plaintiffs contend that the language in the policy at issue lists Plaintiffs as third-party beneficiaries of the policy and creates a stipulation *pour autrui*. Specifically, Plaintiffs rely on the language in the policy that states that the "policy provides **indirect coverage to owner's**

5

**insurable interest** in the insured property which has been pledged as security for a loan you have made to the owner." However, Plaintiffs ignore the next sentence in this section which states that "[r]egardless of the insurable interests of the owner or any other persons in the insured property, you are our sole insured under this policy..."  When reading this section in its entirety, the Court is convinced that the policy language at issue does not create a stipulation *pour autrui*. The second sentence in that section specifically declares that despite the insurable interests of the owner, there is only one insured under the policy, creating only one relationship with the insurer. Hence, Plaintiffs are not third-party beneficiaries to the policy at issue.  It follows that the case at bar is not distinguishable from the case law cited by Underwriters.

Plaintiffs further cite *Lee v. Safeco, Ins. Co.*, 2008 WL 2622997 (E.D. La. 7/2/08) in support of their argument that they are third-party beneficiaries. In *Lee*, this Court found that the plaintiff did in fact have standing to sue the insurer for Katrina related damages because the plaintiff was a third-party beneficiary of the contract.  The Court considered the following criteria to determine whether a stipulation *pour autrui* had been created: '1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor

6

and the promisee.' *Id.* (citing *Joseph v. Hosp. Serv. Dist. No. 2 of Parish of St. Mary*, 939 So.2d 1206, 1212 (La. 2006)).

Based upon the following language, the Court found that the contract created a stipulation pour autrui:

> [w]e will adjust all losses with you. We will pay you but in no event more than the amount of your interest in the "insured location." Amounts payable in excess of your interest will be paid to the "borrower" unless some other person is named by the "borrower" to receive payment.

*Id.* at *4. The Court finds that the policy in *Lee* utilized materially different language from the policy at issue. In *Lee*, the policy specifically stated that any portion of loss payment that exceeded the value of the insured's interest in the property, would be paid directly to the plaintiff, owner of the property. The Court found that this language was clear and unambiguous and manifested a clear intent to provide a benefit to the borrower. Moreover, said benefit was certain to be provided once any excess of the value of the insured's interest occurred. However, the language in the policy at issue lacks such a clear intention to provide a benefit to Plaintiffs. Instead, Plaintiffs' benefit, if any, is a mere incident to the contract.

Since Plaintiffs are not listed as insureds or additional insureds in the policy and are not third-party beneficiaries to the policy, there is no legal relationship between Plaintiffs and Underwriters. Therefore, Plaintiffs lack standing to pursue their

7

claims against Underwriters in this lawsuit.

Accordingly,

New Orleans, Louisiana, this 8th day of September, 2009.

      IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE